IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMARI GRAHAM,** | : | CIVIL NO. 1:15-CV-1575 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF USP LEWISBURG,** | : | |
| | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 31st day of October, 2016, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), wherein petitioner, Omari Graham, alleges that he is being denied extended Residential Reentry Center placement and, for relief, requests "extended halfway house time" per the Second Chance Act, and this court, in an effort to ascertain the custodial status of petitioner, accessed the Federal Bureau of Prisons online inmate locator, which revealed that petitioner has been transferred to a Residential Reentry Management Center[1], which renders the petition moot, see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing

---

[1] Upon entering petitioner's offender identification number, 10955-055, into the Federal Bureau of Prisons online inmate locator system, https://www.bop.gov/inmateloc/, his status was returned as follows:

    Offender Name:    Omari Graham
    Located at:        New York RRM
    Release Date:     11/01/2016

cases or controversies."); <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), and, further, because petitioner has not asserted any collateral consequences that are the result of his delayed placement in a Residential Reentry Center, <u>see</u> <u>Burkey v. Marberry</u>, 556 F.3d 142, 148 (3d Cir. 2009), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.
2. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania